

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-12-2008

# Barry Jones v. L. Domalakes

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1968

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Barry Jones v. L. Domalakes" (2008). *2008 Decisions.* Paper 664.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/664

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-265                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1968
_____

BARRY JONES,
                                         Appellant

v.

L. DOMALAKES; JOSEPH DORZINSKY;
J. DUDASH, Assistant Law Librarian;
MARY TONER, Mail Room Supervisor;
CINDY WALASAVAGE, Accounting Clerk

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 04-cv-02496)
District Judge:  Honorable William W. Caldwell

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 31, 2008

Before: AMBRO, FUENTES and JORDAN, <u>Circuit Judges</u>

(Opinion filed: August 12, 2008)
_____

OPINION
_____

PER CURIAM

Barry Jones appeals a decision of the United States District Court for the Middle

District of Pennsylvania granting the motion for summary judgment filed by the defendants named in his civil rights complaint. Jones is bringing this appeal in forma pauperis. We will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B) because it lacks an arguable basis in law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Jones is an inmate at the State Correctional Institution at Frackville, Pennsylvania. In 2006, he filed an amended complaint in the District Court asserting claims under 42 U.S.C. § 1983 against prison employees Suzanne Domalakes, Donald Dudash, Joseph Dorzinsky, Mary Toner, and Cynthia Walasavage. Jones alleged in his amended complaint that these defendants violated his constitutional rights by denying him access to the courts and retaliating against him for filing institutional grievances.

Following discovery, the defendants filed a motion for summary judgment, which the District Court granted on February 29, 2008. The District Court concluded that the claims against Walasavage, Dorzinsky, and Toner were subject to dismissal because Jones had failed to exhaust available administrative remedies. As for the denial of access claims against Domalakes and Dudash, the District Court concluded that summary judgment was proper because Jones did not show that he suffered actual injury as a result of their alleged misconduct. Jones now appeals the order granting summary judgment.

We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. Our review of the District Court's decision is plenary. Carter v. McGrady, 292 F.3d 152, 157 (3d Cir.

2

2002).  Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The District Court correctly concluded that most of the claims in the amended complaint were subject to dismissal on exhaustion grounds.  The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion is mandatory under the PLRA.  See Booth v. Churner, 532 U.S. 731, 739-41 (2001).  To satisfy the exhaustion requirement, an inmate must present his claims in substantial compliance with the grievance procedures established by the prison.  See Nyhuis v. Reno, 204 F.3d 65, 77-78 (3d Cir. 2000).  If the prisoner fails to follow these procedures, then the claims are procedurally defaulted.  See Spruill v. Gillis, 372 F.3d 218, 228-31 (3d Cir. 2004).  Here, the defendants submitted undisputed evidence that Jones failed to exhaust available prison remedies, except with regard to his claims that Domalakes and Dudash improperly denied him access to the prison law library on February 24-25, 2004, and prematurely removed certain older legal reference materials from the library.[1]  Thus, we agree with the District Court's decision to

_____

[1] Indeed, Jones conceded the defendants' exhaustion argument in his amended response to the summary judgment motion.  He later withdrew this concession in light of the Supreme Court's decision in Jones v. Bock, 127 S.Ct. 910 (2007).  In Bock, the Supreme

3

grant summary judgment as to the unexhausted claims.

Turning to the exhausted claims, it is well established that a prisoner bringing a denial of access claim under section 1983 must demonstrate that the defendant caused him "actual injury" by depriving him of an opportunity to pursue a non-frivolous claim. See Christopher v. Harbury, 536 U.S. 403, 415-18 (2002); Lewis v. Casey, 518 U.S. 343, 348-55 (1996). Jones argues that his right of access was violated in early 2004, when he was simultaneously appealing the denial of his second petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), and pursuing habeas relief in the District Court. Those petitions were dismissed as untimely, and the timeliness determinations were upheld on appeal.[2] Jones has alleged that Domalakes and Dudash prevented him from effectively litigating these collateral attacks on his conviction by limiting his access to the law library

Court rejected the "total exhaustion rule," and held that an inmate could proceed with a suit challenging prison conditions notwithstanding his failure to exhaust all the claims raised in the complaint. Id. at 923-26. The District Court correctly observed that Bock is not relevant here, inasmuch as the defendants in this case had not sought dismissal of the entire action under the total exhaustion rule. Rather, the defendants had argued for summary judgment because the unexhausted claims were subject to dismissal under § 1997e(a), and there was no genuine issue as to whether Jones was entitled to relief on the exhausted claims.

[2] Regarding the PCRA action, the Court of Common Pleas dismissed Jones's petition as untimely in 2003, and the Superior Court of Pennsylvania affirmed that decision on September 29, 2004. The Supreme Court of Pennsylvania denied Jones's petition for allocatur on December 7, 2005. As for the federal habeas action, the Magistrate Judge assigned to the case issued a Report and Recommendation on March 5, 2004, recommending that the petition be dismissed as untimely because it was filed several years beyond the statutory deadline. The District Court adopted the Magistrate Judge's Report over Jones's objections, and dismissed the petition on April 20, 2004. We denied the request for a certificate of appealability in C.A. No. 04-2336.

4

and discarding potentially relevant legal reference materials. However, he has not explained how he was prejudiced by the conduct of these defendants. The record unequivocally shows that the deadlines for filing the petitions had already passed by the time the alleged interference took place. Moreover, Jones has provided no indication that he was deprived of an opportunity to assert a non-frivolous tolling argument in connection with either his state or federal petition. Thus, the District Court correctly concluded that Jones failed to raise a genuine issue as to whether he suffered an actual injury as a result of the alleged misconduct. Accordingly, summary judgment on the exhausted claims was properly granted.

Finally, Jones argues on appeal that summary remand is appropriate because the District Court improperly considered the Statement of Material Facts submitted by the defendants with their summary judgment motion. For substantially the reasons given by the District Court in its April 17, 2008 Memorandum addressing Jones's motion for reconsideration, we reject that claim.

Based on our review of the record, we conclude that the appeal lacks arguable merit. Accordingly, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)..